FRANK WILLIAMS V. THE STATE.

No. 6189. Decided April 13, 1921.

Burglary—Insufficiency of the Evidence—General Reputation.

Where, upon trial of burglary, the evidence was insufficient to sustain the conviction, a new trial should have been granted. In case of a new trial the defendant should be permitted to introduce testimony as to his general reputation as to his honesty and fair dealing.

Appeal from the District Court of San Jacinto. Tried below before the Honorable J. L. Manry.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Geo. E. Gordon,* for appellant.

*C. M. Cureton,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for burglary. The store of one, Cooper, was burglarized and some $200 in money taken. This occurred after he closed his store in the evening and before he opened it in the morning.

The State relies on circumstantial evidence.   We confess our inability to perceive any fact or combination of facts proved which with any degree of cogency connect the appellant with the offense. He had previously lived in the neighborhood.   He was acquainted with Cooper and his surroundings.   He was a returned soldier; had been in the neighborhood where he formerly lived for some days; was seen by Cooper on the street in the vicinity of the store during the afternoon preceding the offense and was seen by others about the same time, and later, when night was about to set in, there were others also around.   Other persons were also seen at the same time and place.   The evidence shows that appellant made inquiry of another storekeeper with reference to whether he was going to occupy his store alone or in company with his brothers; that he employed a man to convey him to a railway station some twelve miles distant from the scene of the robbery and went in company with the man.   So far as we are able to discern, this was before the offense took place, that is to say, it was early in the night and the evidence fails to disclose when the store was entered, but the State's evidence does show, as we understand it, that the appellant, early in the night, went with the State's witness to the railway station mentioned; that upon his arrival there he paid $2.50 for the trip and had in his possession some other money. The amount of the money that he had is not disclosed, nor is there any description of it, nor any effort to identify it with the money that was lost.   By his own testimony and by that of other witnesses he accounted for his whereabouts during the time intervening between the closing of the store and the time the burglary was discovered.   He also accounted, by his own and other testimony, for the possession of the money.

The appellant sought upon the trial to prove that his general reputation for honesty and fair dealing was good.   This privilege was denied though the bill of exceptions is not in such form as would justify its consideration.   If upon another trial this testimony is offered, it should not be excluded.

The evidence is, in our opinion, insufficient to support the verdict. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*